UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION AT SPRINGFIELD

BROADCAST MUSIC, INC.;
COTILLION MUSIC, INC.; BONO COLLECTION
TRUST, MARY BONO as Trustee d/b/a
CHRIS MARC MUSIC; CARL PERKINS MUSIC,
INC.; THREE WISE BOYS MUSIC, LLC;
SONY/ATV SONGS LLC; ALLEY MUSIC CORP.;
TRIO MUSIC CO., INC.; RONDOR MUSIC
INTERNATIONAL, INC. d/b/a IRVING MUSIC;
PRONTO MUSIC, a division of COTILLION MUSIC,
INC.; EMI VIRGIN SONGS, INC. d/b/a
EMI LONGITUDE MUSIC; LLEE CORPORATION;
UNICHAPPELL MUSIC, INC., JAY-BOY MUSIC
CORP.; EMI BLACKWOOD MUSIC, INC.;
WARNER-TAMERLANE PUBLISHING CORP.;
ITAAL SHUR d/b/a ITAAL SHUR MUSIC;
BIDNIS, INC.,

  Plaintiffs,

  v.    CIVIL ACTION NO.: 04-30096-MAP

DOLLYWOOD, INC. d/b/a THE CHALET AT
DOLLYWOOD and DOROTHY M. SYPEK,
individually,

  Defendants.

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## **THE PARTIES**

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 4.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Upon information and belief, Defendant Dollywood, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, which operates, maintains and controls an establishment known as The Chalet At Dollywood, located at 13 View Street, Chicopee, Massachusetts 01020, in this district. In connection with the operation of this business, defendant Dollywood, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

6. Defendant Dollywood Inc.'s agent for service of process is Sheila L. Mulholland at 17 Hampden Street, Springfield, Massachusetts 01103.

7. Plaintiffs are informed and believe that defendant Dorothy M. Sypek ("Sypek") is the president and owner of defendant Dollywood, Inc., with primary responsibility for the operation and management of that corporation. She is a Massachusetts resident with an address at 321 High Street, Holyoke, Massachusetts 01040.

8. Plaintiffs are informed and believe that defendant Sypek has the right and ability to

supervise the activities of defendant Dollywood, Inc., and a direct financial interest in that corporation.

## CLAIMS OF COPYRIGHT INFRINGEMENT

9. Plaintiffs allege eleven (11) claims of copyright infringement, based upon defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against defendants.

10. Annexed as Schedule A hereto and incorporated herein is a list identifying the musical compositions whose copyrights are known to have been infringed by defendants. According to plaintiffs' information and belief, defendants have infringed copyright in other musical compositions and at other times in addition to those shown on Schedule A. Schedule A contains information on the eleven claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 noting the publisher(s) of the musical composition who are also the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the location of the establishment where the infringement occurred. All references hereinafter to "Lines" are to lines on the Schedule.

11. Each of the musical compositions identified on the Schedule, Line 2, was created by

the persons named on Line 3.

12.　On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

13.　On the dates listed on Line 7, plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical compositions listed on Line 2.

14.　On the date(s) listed on Line 7, defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed on the premises of The Chalet at Dollywood without a license or permission to do so. Thus, defendants have committed copyright infringement.

15.　Defendants performed and/or caused such musical compositions to be publicly performed notwithstanding repeated warnings from plaintiff BMI that the performance on the premises of The Chalet at Dollywood, without permission from the copyright owners, did and would constitute infringement of copyright in violation of Title 17 of the United States Code.

16.　The specific acts of copyright infringement alleged, as well as defendants' entire course of conduct, have caused and are causing plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at The Chalet at Dollywood, defendants threaten to continue committing copyright infringement. Unless this Court restrains defendants from committing further acts of copyright infringement,

plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages in an amount not greater than $30,000.00 nor less than $750.00 per claim of infringement, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Date: May 14, 2004

Respectfully submitted:

BROADCAST MUSIC, INC., et al,
Plaintiffs,

By their attorneys,

*Amy C. Mainelli*
William S. Strong, Esq., BBO #483520
Amy C. Mainelli, Esq., BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, Massachusetts 02114
Tel: (617) 227-7031
Fax: (617) 367-2988

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Beat Goes On a/k/a The Beat Goes On |
| Line 3 | Writer(s) | Salvatore Bono a/k/a Sonny Bono |
| Line 4 | Publisher Plaintiff(s) | Cotillion Music, Inc.; Bono Collection Trust, Mary Bono as Trustee, d/b/a Chris Marc Music |
| Line 5 | Date(s) of Registration | 12/30/66    4/25/68 |
| Line 6 | Registration No(s). | Eu 972894    Ep 244389 |
| Line 7 | Date(s) of Infringement | 1/30/04 |
| Line 8 | Place of Infringement | The Chalet At Dollywood |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Blue Suede Shoes a/k/a Two Toned Shoes |
| Line 3 | Writer(s) | Carl Lee Perkins |
| Line 4 | Publisher Plaintiff(s) | Carl Perkins Music, Inc. |
| Line 5 | Date(s) of Registration | 12/23/83    12/29/55 |
| Line 6 | Registration No(s). | Re 186-810    Eu 421018 |
| Line 7 | Date(s) of Infringement | 1/31/04 |
| Line 8 | Place of Infringement | The Chalet At Dollywood |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Bule Bule a/k/a Wooly Bully |
| Line 3 | Writer(s) | Domingo Samudio |
| Line 4 | Publisher Plaintiff(s) | Three Wise Boys Music, LLC; Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 12/21/64 |
| Line 6 | Registration No(s). | Eu 870480 |
| Line 7 | Date(s) of Infringement | 1/31/04 |
| Line 8 | Place of Infringement | The Chalet At Dollywood |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Good Lovin' |
| Line 3 | Writer(s) | Rudy Clark; Arthur Resnick a/k/a Art Resnick |
| Line 4 | Publisher Plaintiff(s) | Alley Music Corp.; Trio Music Co., Inc. |
| Line 5 | Date(s) of Registration | 2/5/93    2/5/93    3/1/65<br>5/28/65 |
| Line 6 | Registration No(s). | RE 626-729    RE 629-086    Eu 869364<br>Ep 203018 |
| Line 7 | Date(s) of Infringement | 1/30/04 |
| Line 8 | Place of Infringement | The Chalet At Dollywood |

| Line 1 | Claim No. | 5 | |
|---|---|---|---|
| Line 2 | Musical Composition | Hanky Panky | |
| Line 3 | Writer(s) | Jeff Barry; Ellie Greenwich | |
| Line 4 | Publisher Plaintiff(s) | Alley Music Corp.; Trio Music Co., Inc. | |
| Line 5 | Date(s) of Registration | 4/2/90 | 9/12/62 |
| Line 6 | Registration No(s). | RE 477-335 | Eu 735869 |
| Line 7 | Date(s) of Infringement | 1/30/04 | |
| Line 8 | Place of Infringement | The Chalet At Dollywood | |

| Line 1 | Claim No. | 6 | |
|---|---|---|---|
| Line 2 | Musical Composition | Hold On, I'm Coming | |
| Line 3 | Writer(s) | Isaac Hayes, Jr.; David Porter | |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music; Pronto Music, A Division of Cotillion Music, Inc. | |
| Line 5 | Date(s) of Registration | 3/14/66 | 6/3/68 |
| Line 6 | Registration No(s). | Eu 928718 | Ep 246262 |
| Line 7 | Date(s) of Infringement | 1/30/04 | |
| Line 8 | Place of Infringement | The Chalet At Dollywood | |

| Line 1 | Claim No. | 7 | |
|---|---|---|---|
| Line 2 | Musical Composition | I Think We're Alone Now | |
| Line 3 | Writer(s) | Ritchie Cordell | |
| Line 4 | Publisher Plaintiff(s) | EMI Virgin Songs, Inc. d/b/a EMI Longitude Music | |
| Line 5 | Date(s) of Registration | 6/8/70 | 1/24/67 |
| Line 6 | Registration No(s). | Ef 34747 | Ep 226335 |
| Line 7 | Date(s) of Infringement | 1/30/04 | |
| Line 8 | Place of Infringement | The Chalet At Dollywood | |

| Line 1 | Claim No. | 8 | |
|---|---|---|---|
| Line 2 | Musical Composition | I'll Remember a/k/a (In The) Still Of The Nite | |
| Line 3 | Writer(s) | Fredericke Lee Parris | |
| Line 4 | Publisher Plaintiff(s) | Llee Corporation | |
| Line 5 | Date(s) of Registration | 12/13/84 | 12/13/84 |
| | | 4/5/56 | 10/19/56 |
| Line 6 | Registration No(s). | RE 227-393 | RE 227-371 |
| | | Eu 432493 | Ep 103073 |
| Line 7 | Date(s) of Infringement | 1/30/04 | |
| Line 8 | Place of Infringement | The Chalet At Dollywood | |

| Line 1 | Claim No. | 9 | |
|---|---|---|---|
| Line 2 | Musical Composition | This Diamond Ring | |
| Line 3 | Writer(s) | Al Kooper; Bob Brass; Irwin Levine | |
| Line 4 | Publisher Plaintiff(s) | Unichappell Music, Inc. | |
| Line 5 | Date(s) of Registration | 11/24/64 | 2/4/65 |
| Line 6 | Registration No(s). | Eu 854822 | Ep 198607 |
| Line 7 | Date(s) of Infringement | 1/31/04 | |
| Line 8 | Place of Infringement | The Chalet At Dollywood | |

| | | |
|---|---|---|
| Line 1 | Claim No. | 10 |
| Line 2 | Musical Composition | You Really Got Me |
| Line 3 | Writer(s) | Ray Davies |
| Line 4 | Publisher Plaintiff(s) | Jay-Boy Music Corp. |
| Line 5 | Date(s) of Registration | 9/23/64 |
| Line 6 | Registration No(s). | Ef 29476 |
| Line 7 | Date(s) of Infringement | 1/31/04 |
| Line 8 | Place of Infringement | The Chalet At Dollywood |

| | | |
|---|---|---|
| Line 1 | Claim No. | 11 |
| Line 2 | Musical Composition | Smooth |
| Line 3 | Writer(s) | Rob Thomas; Itaal Shur |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc.; Warner-Tamerlane Publishing Corp.; Itaai Shur d/b/a Itaal Shur Music; Bidnis, Inc. |
| Line 5 | Date(s) of Registration | 8/23/99 |
| Line 6 | Registration No(s). | PA 966-577 |
| Line 7 | Date(s) of Infringement | 1/3/04 |
| Line 8 | Place of Infringement | The Chalet At Dollywood |